# Allentown National Bank v. Clay Product Supply Company, Appellant.

*Promissory notes—Indorsement—Holder for value—Holder in due course.*

Where a bank accepts from one of its debtors a promissory note on which the debtor is second indorser, and on receipt of the note extends time to the debtor, applies the proceeds of the note as a credit to the debtor's account, and receipts and relinquishes bills of shipment pledged as collateral, and there is nothing to connect the bank with anything that took place 'between the original parties to the note, the bank is not only a holder for value, but a holder without any notice of infirmity in the instrument, or any right of set-off in connection therewith, and is therefore a holder in due course.

*Promissory notes—Renewal note—Possession and use of renewal note.*

Where a bank has positively refused to accept a renewal note, it cannot subsequently be held to have accepted the note merely because when it wanted to make a demand on the original note, it procured the renewal note to attach it to the original, so that both could be restored to the maker on payment.

Argued Jan. 14, 1907.    Appeal, No. 266, Jan. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., March T.,

1905, No. 3,450, on verdict for plaintiff in case of Allentown National Bank v. Clay Product Supply Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note. Before AUDENRIED, J.
The note in suit was in the following form:

" $1,500.00.                        NEWARK, N. J., Feb. 18, 1904.
" Four months after date we promise to pay to the order of Clay Product Supply Co. Fifteen hundred and 0-100 dollars, at Essex Co., National Bank.
" Value received, with interest.
        " (Signed)                        VAN KEUREN & SON,
                        " WM. VAN KEUREN, President.
" Endorsed :
    " Pay to the order of Hickory Run Brick Co.
                        " CLAY PRODUCT SUPPLY Co.,
                        " J. MORTIMER WEST, JR., Treasurer.
    " Hickory Run Brick Co., S. N. Weaver, Treasurer.
    " (Duly protested for non-payment; costs of protest, $1.85.)"

Other facts appear by the opinion of the Supreme Court.
The trial judge gave binding instructions for plaintiff.
Verdict and judgment for plaintiff for $1,695.60. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Clifton Maloney* for appellant.—Having the note indorsed by the brick company served to connect the bank with the transaction, and show its consent to the payment of the amount of the bills to the bank, and was in line with the request of the defendant's treasurer to the plaintiff that the bills be made out in the name of the brick company to connect the transaction with the latter's account: Clothier v. Webster Foundry Sand Co., 21 Pa. Superior Ct. 386 ; Adams v. Ashman, 203 Pa. 536.

The giving of the note, of course, does not prevent the defendant from setting up the defective nature of the bricks de-

livered: Clement v. Reppard, 15 Pa. 111; Hildeburn v. Curran, 65 Pa. 59.

It is submitted that the plaintiff, knowing the new note was to take the place of the first, and having retained it with this knowledge, is bound by its election: Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Christman v. Martin, 7 Pa. Superior Ct. 568; Cake v. First Nat. Bank of Lebanon, 86 Pa. 303; Hart v. Boller, 15 S. & R. 162.

*Thomas F. Gross,* for appellee, cited: Heist v. Hart, 73 Pa. 286; Philler v. Patterson, 168 Pa. 468; Martin v. Berens, 67 Pa. 459; Mechanics' Nat. Bank v. Kielkopf, 22 Pa. Superior Ct. 128; Cake v. Bank, 86 Pa. 303.

OPINION BY MR. JUSTICE STEWART, February 25, 1907:

This was an action on a promissory note by holder against indorser. The defense attempted was twofold; first, failure of consideration; and second, that the plaintiff had discharged all liability on the note in suit by retaining another which was given and intended as a renewal. An essential preliminary to the first defense, was denial that plaintiff was a holder in due course. The facts were these. Van Keuren & Sons had contracted to do certain municipal paving work in the city of Newark. The contract provided that the brick to be used should be subject to the acceptance of the city authorities. Van Keuren & Sons contracted with the Clay Product Supply Company, the defendant, to furnish the brick for the work, and the Clay Product Supply Company, not being a manufacturer, engaged them of the Hickory Run Brick Company. Each contract contained the stipulation that the brick were to be subject to the acceptance of the city authorities. The Hickory Run Brick Company, in order to fill its contract, was compelled to borrow money to carry on its operations. The Allentown National Bank, the plaintiff, discounted certain notes of this company, receiving as collateral security at the same time for their payment, the bills of shipment of brick to the Product Supply Company duly assigned and transferred to the bank. Such of these assigned bills as were paid, were paid by the Product Supply Company directly to the bank, and the amounts were credited to the account of the Hickory Run

Brick Company. Some of the brick for which bills of shipment had been assigned to the bank, were condemned by the city authorities. Van Keuren & Sons withheld payment to the Product Supply Company for these, and that company in turn withheld payment to the bank on the assigned bills. Thereupon the bank demanded payment of the note of the Brick Company, which was then due, and also made demand upon the supply company for payment of the bills assigned. The Brick Company being unable to meet its note, its treasurer, Mr. Weaver, to satisfy the demands of the bank, prevailed with Van Keuren & Sons to give their note to the Supply Company for $1,500, approximately the amount of the unpaid bills of shipment, and had the Supply Company indorse this note over to the Brick Company, the Brick Company indorsing it over to the bank. This is the note in suit. It was given by Van Keuren & Sons and indorsed by the Product Supply Company in expectation that the brick would eventually be accepted by the city authorities. Whatever inducements were held out by Weaver to Van Keuren & Sons or the supply company to obtain this note from them; or whatever representation were made as to its subsequent renewal by the bank, the evidence fails to show that the bank was in any way involved therein. If Weaver assumed to speak for the bank, such fact could prejudice the bank only as it were shown that he was authorized so to do, or that the bank had accepted the note with knowledge of the representations made by him. There is no evidence to connect the bank with what transpired between the original parties to the note. By receiving the note, the bank extended the time of payment to the advantage of the Brick Company; the proceeds were applied as a credit to the latter's account; and the bills of shipment pledged as collateral were receipted and relinquished. From the facts as they appear in the case but one conclusion can be derived—the bank was not only a holder for value but a holder without any notice of infirmity in the instrument or any right of set-off in connection therewith. It was therefore a holder in due course. The facts in regard to the later note, which it was claimed was a renewal of the note in suit, do not support defendant's contention. Had this note been accepted by the bank as a renewal, it would have been an extinguishment of

the right of action on the note in suit; but it was not so accepted. It was drawn by the same party, for the same amount, payable to the order of the Supply Company, and by the latter indorsed over to the Brick Company; but meanwhile the latter company had passed into the hands of a receiver. When tendered by the treasurer of the Brick Company to the bank, it was unavailable to the bank, being unindorsed, and was rejected. The reason assigned was that the bank was unwilling to do anything in the matter that would release the Brick Company from its liability on the other note. Being rejected by the bank it remained in the hands of the treasurer of the Brick Company. Subsequently, when the bank desired to make demand for payment of the note in suit upon the maker, it procured from the treasurer of the Brick Company the note that had been rejected, attached it to the other and forwarded both to its correspondent in Newark to be presented for payment. There is nothing in all this that would warrant an inference that the bank had at any time accepted the note in renewal of the first. In Hart v. Boller, 15 S. & R. 162, and in each of the other cases relied upon by appellant, there were circumstances from which an intention to accept might be deduced, and it was held error for the court to exclude the jury from the decision of the question, but here was a positive and unquestioned refusal of the bank to accept the note when tendered, with not a single circumstance to qualify it, or show a change of purpose in this regard, except the mere fact that when the bank wanted to make demand upon the drawer, it procured the note to attach it to the original so that both could be restored to the maker on payment. A finding by the jury from such facts that the bank had accepted the note could not be sustained; and therefore no submission of the question was required. It was a case that called for binding instructions, and there was no error in directing the verdict for the plaintiff.

Judgment affirmed.