# Lebanon National Bank *v.* Long, Appellant.

*Promissory notes—Renewal note—Novation—Evidence.*

In an action by a bank against one of two makers of a promissory note, the makers of the note testified in substance that they took to the bank a renewal note of the note in suit, handed it to the teller, saying, in substance, there is a renewal, and immediately left without having ascertained whether it was satisfactory to the bank, and without demanding the old note. The teller testified that when the note was handed to him he informed the makers that he would present it to the proper officer of the bank, who was then absent, and see whether it was satisfactory to have the loan renewed. He did so and was informed by the proper officer of the bank that it was not satisfactory to renew the loan and that the new note was not accepted by the bank, and the old note was never marked satisfied nor surrendered, but had always been held by the bank as security for the loan. *Held,* that the evidence was not sufficient to establish a contract of renewal.

*Promissory notes—Accommodation of maker—Consideration—Parol evidence.*

In an action by a bank against one of two brothers who were joint makers of a promissory note, the defendant cannot be relieved from liability on the note by parol evidence to the effect that he signed the note as an accommodation to his brother with the understanding that the signing of his name was a mere matter of form to comply with the provisions of the national banking laws and that he would not subject himself to any liability by signing it, and that the cashier of the bank had made these representations to the brother at the time the loan was made and afterwards said the same thing to defendant.

Argued Feb. 18, 1908. Appeal, No. 181, Jan. T., 1907, by defendant, from judgment of C. P. Lebanon Co., Sept. T., 1898, No. 41, on verdict for plaintiff in case of Lebanon National Bank v. George B. Long. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a promissory note. Before EHRGOOD, P. J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $4,824.50. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Edward S. Kremp,* with him *William W. Walter,* for appellant.—The acts of the cashier or other officer of a bank within the scope of the general usage, practice and course of business of banking institutions, is binding on the corporation in favor of third persons transacting business with it, and who did not know, at the time, the officer was transcending his authority : Bissell v. First Nat. Bank of Franklin, 69 Pa. 415 ; Wheeler, etc., Mfg. Co. v. Aughey, 144 Pa. 398 ; Mundorff v. Wickersham, 63 Pa. 87 ; Bank Commissioners v. Buffalo Bank, 6 Paige, 497.

The defendant had a right to presume, and the law so declares, that the cashier acted within his authority, and in the absence of proof to the contrary this is conclusive, and the case should have gone to the jury : Miller v. Henderson, 10 S. & R. 290.

The signature of George B. Long having been obtained by a fraudulent representation, the bank cannot take advantage of the fraud of its officer : Steckel v. First Nat. Bank of Allentown, 93 Pa. 376 ; Resh v. Bank, 93 Pa. 397 ; Nat. Bank of Bedford v. Stever, 169 Pa. 574 ; Fegley v. McDonald, 89 Pa. 128.

*C. V. Henry,* with him *Howard C. Shirk,* for appellee.— Unless the cashier had authority, or apparent authority, to make the alleged oral agreement, the bank is not bound thereby : Bank of U. S. v. Dunn, 31 U. S. 51 ; Bank of the Metropolis v. Jones, 33 U. S. 12 ; First Nat. Bank of Whitehall v. Tisdale, 84 N. Y. 655 ; Wyman v. Bank, 14 Mass. 58 ; Lloyd v. West Branch Bank, 15 Pa. 172 ; Bissell v. Bank, 69 Pa. 415.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908 :

This is a suit on a joint and several promissory note dated August 24, 1896, and due in thirty days. On June 23, 1898, the præcipe and statement of claim, and on July 14, 1898, affidavit of defense, were filed. On August 2, 1898, the defendant was ruled to plead, and on August 10, 1898, the plea was

entered. Thus it appears the case has been at issue since August, 1898, and was only called for trial November 12, 1906. There is nothing in the record to explain the long delay in bringing the suit to trial, and it is only proper to suggest that the practice of prolonging litigation so as to extend over a long period of years is not to be commended, and should not be favored. Parties may die, or the memory of witnesses fail, or the recollection of facts become inaccurate and uncertain by the lapse of time, so that it is difficult to definitely ascertain the legal rights involved in the controversy. However, we must take the record as we find it and determine the questions raised by it. The execution of the note not being denied, the bank having possession of it at the time of trial, payment in point of fact not being alleged, and the pleadings only raising the special defenses set out in the affidavit of defense, a prima facie case was made out when the plaintiff rested, although it would have been better and safer in the case in chief to have offered substantive evidence to show nonpayment. The note being a joint and several obligation, the bank could elect to sue both or either of the makers and did so elect in this case by bringing suit against appellant. The assignments of error only raise two questions which require consideration. The first is as to the contention that the note sued on was paid at maturity by another note given by the same parties, delivered to and accepted by the bank in consideration of the cancellation and surrender of the old note now in suit. In other words, that a renewal note was given for the old one and that the bank should have proceeded on the new note. This position is technical and does not go to the merits of the case. The debt still remained and the note is only evidence of it. However, the defense would be good if the facts warranted it. The two brothers, signers of the note, testified in substance that they took a renewal note to the bank, handed it to the teller saying, in substance, there is a renewal, and immediately left without having ascertained whether it was satisfactory to the bank and without demanding the old note. The teller testified that when the note was handed him he informed the appellant and his brother that he would present it to the proper officer of the bank, who was then absent, and see whether it was satisfactory to have the loan renewed.

He did so and was informed by the proper officer of the bank that it was not satisfactory to renew the loan and that the new note was not accepted by the bank, and the old note was never marked satisfied nor surrendered, but had always been held by the bank as security for the loan. Under these circumstances the evidence was not sufficient to establish a contract of renewal. That the appellant and his brother intended to make a renewal there can be no question, but it is equally clear that the bank refused to renew the loan and stood upon its rights under the old note. The transaction did not, therefore, become a contract inter partes and this defense cannot prevail.

The other defense is that the original note was without consideration as to appellant who signed it as an accommodation to his brother with the understanding that the signing of his name was a mere matter of form to comply with the provisions of the national banking laws and that he would not subject himself to any liability by signing it, and that the cashier of the bank had made these representations to the brother at the time the loan was made and afterwards said the same thing to appellant. In support of this position the appellant and his brother both testified in effect as above indicated. It is now earnestly contended that this parol testimony was sufficient to take the case to the jury and that the learned trial judge was in error in directing a verdict for plaintiff. The effort here made is to bring this case within the line of cases which holds that parol evidence is admissible to alter, vary or contradict a written instrument where such evidence is sufficient to establish an oral agreement contemporaneous with the execution of the writing, and as an inducement to its execution, and on the faith of which it was signed, and without which inducement it would not have been executed. But the rule of these cases must be carefully applied so as not to defeat the purpose and effect of written instruments, and when such parol contracts are set up they must be established by evidence that is clear, precise and indubitable. In the present case this measure of proof has not been met. At the time the appellant signed the note he had not seen any officer of the bank and the only representations made to him before signing were those made by his brother, and it cannot be seriously

contended that representations made by his brother, either as to what the bank officer might have said or the understanding of the brother about his liability in signing the paper, could be considered such an inducement as would excuse his liability on the note under any rule of law, nor is his position materially strengthened by the fact that he subsequently met the bank officer who said to him that the matter was as his brother had stated. It is very doubtful if the bank officer had any authority to make such an arrangement, even if such a parol agreement had been clearly established, but aside from all this, it would do violence to the well-understood rules of law relating to commercial paper to hold that one who signed a note could be excused from liability thereon by such loose, vague and indefinite declarations as those set up by appellant on this branch of the case.

The fourth assignment of error is without merit under the facts of the case, and need not be given further consideration.

Judgment affirmed.