HICKS v. J. B. PEARCE CO.

1. EQUITY—INJUNCTIONS—DECREES—MOTION TO DISMISS—APPEAL AND ERROR.

After the filing of a bill for an injunction and the issuance of a restraining order prohibiting the defendants from selling certain personal property on a chattel mortgage, the court required a bond to be filed as a condition of the continuance in force of the temporary order, and subsequently dismissed the bill for failure to file the bond, the sale having taken place. On motion to dismiss the appeal, on the ground that the relief prayed could not be awarded because the sale had been accomplished, an order dismissing the appeal should be granted.

2. SAME—RES ADJUDICATA—QUESTIONS INVOLVED.

Such dismissal of the bill of complaint determines only the right to injunction.

Bill by Wilson H. Hicks and another against the J. B. Pearce Company and another to restrain a sale on the foreclosure of a chattel mortgage: On motion to dismiss an appeal from a decree dismissing the bill. Submitted September 21, 1909. (Calendar No. 23,552.) Motion granted November 5, 1909.

*Wade Millis,* for the motion.

*Firmon Lush, contra.*

MONTGOMERY, J. This is a motion to dismiss an appeal from a decree of the court below dismissing the complainants' bill. The defendant Pearce held a mortgage upon personal property. The defendant Whitney was the agent of the Pearce Company. On the 20th of December, 1907, Whitney, acting for the company, took possession of the property covered by the chattel mortgage, and appraised the same, and proceeded to advertise the sale thereof. Complainants thereupon filed this bill to restrain the sale; that being the sole purpose of the bill. A temporary restraining order was issued; but a motion was immediately entered to vacate the restraining order, and on the 27th of December, the circuit judge made an order requiring the appellants to file a bond to pay the indebtedness within 24 hours as a condition to a continuance of the order in force, and providing that upon failure to do so, the bill of complaint should be dismissed. The bond was not filed, and on the 28th of December the sale occurred as advertised. On the 7th of January, 1908, attention of the court was called to the fact that the bond had not been filed, and an order made dismissing the complainants' bill of complaint.

It is stated in 2 High on Injunctions (4th Ed.), § 1701 *a:*

" Where an appeal is taken from an order dissolving or denying a preliminary injunction, or dismissing the bill, and, pending the appeal, the act sought to be restrained has been accomplished, that fact, upon being brought to the attention of the reviewing court by motion, supported by affidavit, affords sufficient ground for dismissing the appeal."

See, also, *Street R. Co. of East Saginaw* v. *Wildman,* 58 Mich. 286 (25 N. W. 193).

It is suggested that the decree dismissing the bill constitutes an adjudication. It is true the decree dismissing the bill was in the ordinary form and contained no reservation of rights; but we do not understand that this was an adjudication of anything more than that the complainants were not entitled to relief by injunction. It does not con-

clude complainants in a suit at law from recovering damages, if the terms of the mortgage were not such as to justify the action taken by the defendants. We see no purpose that could be served by continuing this case in court.

The order prayed for will be granted.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.