[L. A. No. 2457. In Bank.—March 30, 1910.]

UNITED REAL ESTATE AND TRUST CO. (a Corporation), Appellant, v. T. L. BARNES, as Superintendent of Streets of City of San Diego etc., Respondent.

APPEAL—MOTION TO DISMISS—QUESTIONS INVOLVED IN MERITS. — An appeal will not be dismissed where the questions involved in the motion are such as should be determined upon the hearing of the case upon its merits.

ID.—APPEAL FROM JUDGMENT DISMISSING ACTION TO ENJOIN STREET ASSESSMENT—PAYMENT UNDER PROTEST TO STOP SALE—MOOT CASE .—NEW QUESTION.—Upon an appeal from a judgment dismissing an action to enjoin a street assessment, the fact appearing that after such judgment plaintiff paid the assessment under protest to prevent a sale does not show a moot case, since the appeal involves the same questions which would be presented in an action to recover the money, and the new and serious question is involved whether the superior court, as a court of equity, in case of reversal of the judgment, should not order the defendant to refund the money as a condition of being allowed to answer to the merits.

ID.—QUESTION AS TO RIGHT TO BE HEARD BECAUSE OF LIABILITY ON BOND.—The question whether the appellant has the right to be heard upon the appeal, in view of the liability of his sureties on the injunction bond, is a new one, which the court prefers to reserve until the hearing of the appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Wadham & Pritchard, for Appellant.

Ward & Wells, for Respondent.

BEATTY, C. J.—Plaintiff sought to enjoin the defendant from selling its lot in San Diego to satisfy a delinquent assessment for opening a street through an assessment district created by resolution of the city council. The ground of the action was the alleged fraud of the council in adjusting the boundaries of the district and fraud in the assessment. A temporary injunction was issued some time in 1908. In February, 1909, defendant's demurrer to the second amended complaint was sustained, and plaintiff declining to amend further, the action was dismissed. Upon the dismissal of the action the defendant again offered the lot for sale, to prevent which plaintiff paid, under protest, the amount of the assessment, penalties, and costs amounting to over eleven hundred dollars, and on April 2d took his appeal from the judgment. The motion to dismiss is based upon the ground that the payment of the assessment, etc., put an end to the controversy and leaves only a moot case. It is not, however, by any means clear that it is a moot case, for evidently the claim of the plaintiff to recover the money paid under protest involves the same questions that are involved in this appeal; and it claims that in this action, if the judgment should be reversed, the superior court—as a court of equity—could and should order the defendant to refund the money paid under protest as a condition of being allowed to answer to the merits. This is a serious question new in this state which has not been adequately presented in the briefs filed on this motion, and it is too much involved in the merits of the case to be decided on a motion to dismiss the appeal.

There is a question, also, as to the right of appellant to have the judgment of this court on the merits of his case, in view of the liability of his sureties on the undertaking required upon the issuance of the temporary injunction—a question also new in this state and upon which we prefer to reserve our opinion until the question above stated has been disposed of.

Motion denied.

Angellotti, J., Shaw, J., Sloss, J., Henshaw, J., Melvin, J., and Lorigan, J., concurred.