# CHARLESTON.

## W. H. Crawford v. O. B. LeFevre.

### Submitted March 14, 1916.   Decided March 28, 1916.

1. Appeal and Error—*Moot Question—What Constitutes—Dissolution of Injunction.*

    An appeal from a decree dissolving an injunction restraining a sale of shares of the capital stock of a corporation, held as a pledge to secure a debt, upon allegations that the debt was not due, notice to redeem had not been given and the notice of sale was insufficient, is not reduced to a moot case by lapse of time making the debt clearly due and conferring right to make a sale of the shares in a proper manner. (p. 74).

2. Corporations—*Sale of Pledged Stock—Conditions Precedent—Notices.*

    Under a pledge of shares of the capital stock of a corporation to secure a debt, without a contract waiving either notice to redeem or notice of sale, both are indispensable conditions precedent to right of sale. (p. 75).

3. Same—*Sale of Corporate Stock—Notice—Sufficiency.*

    For such a sale, ten days notice thereof by personal service upon the pledgor or his actual knowledge of the time, place and terms, is reasonable and sufficient. (p. 75).

Appeal from Circuit Court, Berkeley County.

Suit by W. H. Crawford against O. B. LeFevre. From decree for defendant, plaintiff appeals.

*Reversed and remanded.*

*H. H. Emmert,* for appellant.

*Downey & Henson,* for appellee.

Poffenbarger, Judge:

The decree appealed from dissolved a temporary injunction restraining the sale of twenty shares of the capital stock of the Peoples Trust Company of Martinsburg, W. Va., held by the defendant as collateral security for a debt due him from the plaintiff, on three grounds: (1) that the debt was not due; (2) that no opportunity to redeem had been allowed; and (3) that the notice of sale was defective and insufficient.

As the debt is now unquestionably due, whether it was at the time of the attempt to make the sale or not, a motion to dismiss the appeal, as having degenerated into a moot case, has been made. The brief for the appellee says the shares were actually sold after the decree was pronounced and before the appeal was allowed, but the record does not disclose such a sale and it has not been established in any other way. If it did appear, the authorities cited in support of the motion would be applicable and might be controlling. They are to the effect that the question of liability on the injunction bond, after the main controversy has been terminated in any way, is not sufficient to maintain the jurisdiction of the appellate court. *Horrabin* v. *Iowa City,* 142 N. W. 212; *Wright* v. *City of Columbia,* 77 S. C. 416; *Hutchinson* v. *Local Union,* 87 *Kans.* 671; *Harrison* v. *Bryan,* 148 N. C., 315; *Electric Park* v. *Baseball Association,* 155 S. W., 1189; *Halter* v. *Wagoner,* 142 N. W. 175; *Madin* v. *Board of Commissioners,* 103 N. E., 506; *Duninic* v. *La Fourette,* 143 Pac., 896; *Jewell Tea Co.* v. *Stewart,* 120 N. W., 962; *Hicks* v. *Pearce Co.,* 158 Mich., 502; *Wallace* v. *Wilksboro,* 151 N. C., 614; *Patterson* v. *Riley,* 148 Pac., 169; *Kilpatrick* v. *Harvey,* 86 S. E., 596. *Contra: Click* v. *Sample,* 73 Ark., 194.

The subject matter of the bill was not the general or ultimate right of sale of the shares, but the particular attempt to sell them therein alleged, under conditions and circumstances which, it is argued, did not confer right of sale, and upon a notice alleged to be insufficient for lack of personal service and brevity of time. Right to make a sale under conditions warranting it and upon sufficient notice was not denied, nor did it preclude right to judicial relief against the attempt complained of, if right of sale had not accrued, or, having accrued, the proceedings in the exercise thereof were invalid. As this bill was directed to a particular attempt at sale, it is not perceived how judicial knowledge of a possible accrual of a subsequent right of sale could have put an end to the controversy. That view would deny relief against an illegal sale in every instance of right to make a legal sale. Hence, the motion to dismiss is clearly not well founded.

Crawford's note to LeFevre for $4,000.00 for payment of

which the shares were pledged, became due January 2, 1914, and he did not then pay either principal or interest. On March 19, 1914, he sent LeFevre his check for $240.00 for the interest due January 2, 1914, and a renewal note to become due January 2, 1915, and requested acceptance thereof and return of the old note. LeFevre made no response to this, until June 30, 1914, when, through his attorney, he returned the new note, and, on the next day, July 1, 1914, he advertised the shares for sale on July 11, 1914. From affidavits of himself and his attorney, treated as answers on the motion to dissolve, it appears that he was unwilling to accept a renewal of the note, unless Crawford would make the interest payable semi-annually, and that he directed his attorney to return the new note long before it was returned. It further appears from his own affidavit, however, that he never put that note in the hands of his attorney, until June 23, 1914, so as to enable him to return it. During all this period, Crawford knew nothing of his consultations with his attorney or his intention to reject the new note.

Notwithstanding this delay of more than three months, the authorities do not sustain the view of acceptance of the renewal note. Though the retention of the new note was unreasonable, the old one was likewise retained, wherefore the debtor had no right to assume acceptance of his proposition of renewal. Delay in decision was all he had any right to assume. *Lebanon National Bank* v. *Long,* 220 Pa., 556; *Allentown National Bank* v. *Clay Products Co.,* 217 Pa., 128.

The pledge of the certificate of stock was informal. There was no special contract authorizing sale thereof without notice. If allowance of a reasonable period for redemption was necessary, it is apparent that no opportunity for redemption before advertisement of the sale was afforded the debtor. His renewal note was returned one day and the sale advertisement published in a newspaper the next. An allowance of opportunity to redeem, after notice so to do, is a condition precedent to right of sale. *Alexandra etc. R. Co.* v. *Burke et als.,* 22 Gratt. 254; 2 Kent's Com. 582; *Stearns* v. *Marsh,* 4 Denio, 227; *Tucker* v. *Wilson,* 1 P. Wms. 261; *Lockwood* v. *Ewer,* Glanville, lib. 10, c 6. After that, there must be reasonable

notice of the sale, as a means of securing a fair price. *Alexandra etc. R. Co.* v. *Burke et als.,* cited. Here, nothing occurred that could be regarded as a notice to redeem. There was a notice of sale by publication in a newspaper for ten days. Actual knowledge of the time and place of sale has the same effect as personal service. *Alexandra etc. R. Co.* v. *Burke et als.,* cited. But there is no proof that the debtor had knowledge for ten days. If he had, or there had been personal service of the notice ten days before sale, the notice would have been sufficient. Ordinarily, that is deemed a reasonable time. Statutory provisions for notice of judicial sales do not apply, nor should the period prescribed by them be adopted by analogy. Collateral security is a form of commercial paper and periods of four weeks for notice are not usually allowed or observed in commercial transactions.

Disallowance of an opportunity to redeem and lack of sufficient notice of sale should have constrained the court to leave the injunction in force and perpetuate it, unless the defendant should overcome the *prima facie* case against him by showing notice to redeem had been given and the debtor apprised of the time and place of sale, at least ten days before the date thereof.

Hence, the decree complained of will be reversed, the injunction reinstated and the cause remanded.

*Reversed and remanded.*