## STATE OF KANSAS *v.* BURLESON, POSTMASTER GENERAL, ET AL.

### IN EQUITY.

No. 31, Original.   Argued May 5, 6, 1919.—Decided June 2, 1919.

Decided on the authority of *Dakota Central Telephone Co.* v. *South Dakota, ante,* 163.
Bill dismissed.

THE case is stated in the opinion.

*Mr. Fred S. Jackson,* with whom *Mr. Richard J. Hopkins,* Attorney General of the State of Kansas, and *Mr. A. E. Helm* were on the brief, for plaintiff:

The suit is one which may be maintained in the name of the State and of which this court has original jurisdiction.

The action of the President under the joint resolution was taken in pursuance of his authority under the civil law and not in any sense under the authority of military or martial law, nor in the exercise of his authority as commander-in-chief of the army and navy. Where federal authority is unopposed and the courts open for adminis-

tration of justice, constitutional guarantees of liberty cannot be disturbed by the President, Congress, or the judiciary, in any exigency. The Constitution was intended for state of war as well as peace, and is a law for rulers as well as people. *Ex parte Milligan,* 4 Wall. 2, 142.

The suit is not one against the United States.

Congress has not delegated to the President the power to regulate telephone rates.

Congress cannot constitutionally confer upon the President the authority to arbitrarily fix and regulate telephone toll rates without any right to appeal to the courts as to the reasonableness of such rates, and without fixing any standard by which the President should fix or regulate such rates.

The Postmaster General cannot, under the joint resolution of Congress, exact from the State the payment of higher intrastate telephone toll rates than were in effect when the telephone properties were taken over by the Government in violation of the laws of the State.

The term "police regulation," even in its narrower sense, includes power to make rates.

The Kansas Public Utilities Law includes a utility operated by the Federal Government as "lessee," "trustee," or "receiver," and the State can be compelled to pay no more than the legal rates established by the commission under the provisions of the state law.

*The Solicitor General,* with whom *Mr. David A. Frank* was on the brief, for defendants, besides the points made in the case of *Dakota Central Telephone Co.* v. *South Dakota, ante,* 163, contended that the court had no original jurisdiction, because the suit was in effect one against the United States.

*Mr. John G. Price,* Attorney General of the State of Ohio, by leave of court, filed a brief on behalf of the State of Ohio, as *amicus curiæ.*

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The State of Kansas, invoking the original jurisdiction of this court, filed its bill to enjoin the Postmaster General from enforcing and the defendant corporation from giving effect to a schedule of telephone rates which the Postmaster General had established and which he had directed should be applied for telephone services rendered on lines which were in the control and possession of the United States and were being operated as governmental agencies in virtue of the resolution of Congress and the proclamation of the President referred to and considered in *Dakota Central Telephone Co.* v. *South Dakota,* just announced, *ante,* 163.

The defendants insisting that the suit was not in substance against an officer to restrain the doing of unauthorized acts, but was really one to prevent an official of the United States from discharging his duty under a law of the United States, both disputed the merits and challenged the jurisdiction. The case was heard coincidentally with the *Dakota Central Telephone Case,* this day decided. As the ruling in that case establishes the want of foundation for the contention made in this, as to the illegality of the acts of the officer complained of, it follows also that what was stated in that case as to the form of our decree is likewise here controlling, and for the reasons there stated in this as in that case our decree must be and is one of dismissal of the bill.

*And it is so ordered.*

MR. JUSTICE BRANDEIS dissents.