## STATE v. TRI-STATE TELEPHONE & TELEGRAPH COMPANY AND ANOTHER.

## STATE v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY.[1]

### June 20, 1919.

### Nos. 21,340, 21,339.

**Telegraph and telephone — fixing instrastate rates — authority of Postmaster General.**

Under the authority delegated by the President to the Postmaster General pursuant to the joint resolution of Congress of July 16, 1918, 40 St. 904, c. 154,[2] authorizing the President to assume control of the

[1]Reported in 173 N. W. 856.     [2][U. S. Comp. St. 1919, Supp. § 3115¾x.]

telephone systems during the war, the Postmaster General in the exer-
cise of such control had authority to fix intrastate telephone rates.

Two actions in the district court for Ramsey county to restrain de-
fendants from continuing in force certain toll and other charges in ad-
dition to those contained in its schedules filed with the Railroad and
Warehouse Commission. Plaintiff procured orders to show cause why
temporary injunctions should not issue. Defendants appeared specially
and objected to the jurisdiction of the court. The matter was heard be-
fore Dickson, J., who overruled the objection to the jurisdiction of the
court and granted the injunctions. From the orders granting the in-
junctions, defendants appealed. Reversed.

*Charles M. Bracelen, Harlan P. Roberts, C. B. Randall, E. A. Prender-
gast, John I. Dillé* and *Cobb, Wheelwright & Dille,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant
Attorney General, and *Henry C. Flannery,* Assistant Attorney General,
for respondent.

DIBELL, J.

Two actions, argued together, in each of which the state sought to en-
join the defendant telephone companies from putting into effect the in-
trastate telephone rates fixed by the Postmaster General. In each a tem-
porary injunction was granted on January 20, 1919, and the defendants
appealed.

On July 16, 1918, Congress adopted a joint resolution, authorizing the
President to assume control of the telephone systems of the country dur-
ing the war. 40 St. 904, c. 154. On July 22, 1918, the President as-
sumed control and directed that it be exercised through the Postmaster
General. On November 18, 1918, the Postmaster General adopted a
schedule of rates, affecting intrastate business, which was different from
that fixed by the Railroad and Warehouse Commission under competent
authority. The putting into effect of such rates was restrained by the
injunctions under review.

It was the contention of the state below that the fixing of rates was
legislative in character and could not be delegated by the President to
the Postmaster General; that the resolution of July 22, 1918, did not

contemplate that the government should engage in the telephone business, but that it should do no more than assume such control as was essential to its governmental operations, such as giving it priority in service and the like; and that the provision in the joint resolution providing that it should not be construed to "affect existing laws or powers of the states in relation to taxation, or the lawful police regulations of the several states" precluded the fixing of intrastate rates.

Recently the Supreme Court of the United States in Dakota Central Tel. Co. v. South Dakota, 250 U. S. 163, 39 Sup. Ct. 507, 63 L. ed. 910, reversing State v. Dakota Central Tel. Co. (S. D.) 171 N. W. 277, directly held against the position of the state. On the same day in Northern Pacific Ry. Co. v. North Dakota, 250 U. S. 135, 39 Sup. Ct. 502, 63 L. ed. 897, reversing State v. Northern Pac. Ry. Co. (N. D.) 172 N. W. 324, the court held that the government, while in possession of railroads under the act of August 29, 1916, and other acts, had authority to fix intrastate railroad rates. This case is referred to in the telephone case as controlling upon some of its features. Other cases decided on the same day, involving the same general question, are MacLeod v. New England T. & T. Co. 250 U. S. 195, 39 Sup. Ct. 511, 63 L. ed. 934, affirming Public Service Com. v. New England Tel. & Tel. Co. 232 Mass.—, 122 N. E. 567; Kansas v. Burleson, 250 U. S. 188, 39 Sup. Ct. 512, 63 L. ed. 926, a case of original jurisdiction in the Supreme Court; Burleson v. Dempcy, 250 U. S. 191, 39 Sup. Ct. 511, 63 L. ed. 929.

The holding of the Supreme Court definitely determines that the Postmaster General acted under authority properly delegated to him by the President by virtue of the joint resolution; that the specific exception in the joint resolution of. lawful police regulations did not prohibit the fixing of intrastate rates, the exercise of the police power in a narrower sense being intended, and that the Postmaster General in his exercise through the President of the control of the telephone systems could fix intrastate rates.

The question is a Federal one and no question of law remains for discussion.

Orders reversed.