[No. 15607.    Department One.    March 3, 1920.]

THE STATE OF WASHINGTON, *on the Relation of the Cities of Seattle and Tacoma, Appellant*, v. PUBLIC SERVICE COMMISSION *et al., Respondents.*[1]

TELEGRAPHS AND TELEPHONES (5)—WAR—REGULATION—POWERS OF STATE COMMISSION IN WAR TIME.  During the period of the possession, control and supervision of the telephone and telegraph systems by the postmaster general in the exercise of war powers, the state public service commission had no jurisdiction to make any order regulating the tolls that may be charged.

APPEAL (11, 102)—JURISDICTION—MOOT QUESTION—CESSATION OF CONTROVERSY.  An appeal by interested cities from a judgment regulating the tolls that may be charged for telephone service of systems operated by the postmaster general in the exercise of war powers will not be dismissed on the ground of cessation of the controversy by a return of the system to the owners, where the judgment fixed the tolls that may be charged and might work to the prejudice of the cities in the future.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered May 15, 1919, approving orders of the public service commission fixing telephone rates, after a hearing on a writ of review. Reversed.

*U. E. Harmon, Frank M. Carnahan,* and *Burns Poe,* for appellant City of Tacoma.

*Walter F. Meier, Thomas J. L. Kennedy,* and *Geo. A. Meagher,* for appellant City of Seattle.

*The Attorney General, R. M. Burgunder, Assistant, Chadwick, McMicken, Ramsey & Rupp,* and *H. D. Tillsbury,* for respondents.

PARKER, J. — The relators, cities of Seattle and Tacoma, seek reversal of a judgment rendered by the

[1]Reported in 188 Pac. 7.

superior court for Thurston county, affirming orders of the public service commission of this state approving and making effective a tariff of rates to be charged in this state by the respondent Pacific Telephone & Telegraph Company and the United States Director of Telegraph and Telephone Systems, made while he was in the possession and control of the system owned by that company. The relators also seek the annulling of the orders of the public service commission approving and making effective the tariff rates.

In July, 1918, the Postmaster General of the United States, by authority of resolution of Congress and proclamation of the President, in the exercise of the war powers of the government, took possession and assumed control and supervision of all the telephone and telegraph systems in the United States, including that of respondent, Pacific Telephone & Telegraph Company, in this state. This control and supervision by the Postmaster General continued until July, 1919. While the telephone and telegraph system of respondent Pacific Telephone & Telegraph Company was so under the control and supervision of the Postmaster General, the public service commission of this state held a hearing and assumed to make an order approving and making effective a tariff of rates to be charged in this state by respondent Pacific Telephone & Telegraph Company. The record before us is not very satisfactory as to the capacity in which the public service commission of this state acted in approving and making effective the tariff of rates in question— that is, as to whether or not the commission was assuming to act by virtue of its authority under the laws of this state, or was acting merely in an advisory capacity for the Postmaster General, to the end that he might be advised as to what the charges for services rendered by the system belonging to the respondent

Pacific Telephone & Telegraph Company should be in this state. However, the commission did, in name, act as the public service commission of this state and did, in form, enter its orders as such commission, approving and making effective the rates in question, over the protests of the cities of Seattle and Tacoma. After reciting facts, as findings, the commission made its order as follows:

"Wherefore, It Is Ordered that each and all protests to the Postmaster General's Tariff W. P. S. C. No. 2 of the Pacific Telephone & Telegraph Company be, and the same are hereby overruled; and

"It Is Further Ordered that the Postmaster General's Tariff W. P. S. C. No. 2 of the Pacific Telephone & Telegraph Company shall become effective as of date December 6th, 1918; and

"It Is Further Ordered that all contracts in conflict with the rates provided for in Postmaster General's Tariff W. P. S. C. No. 2 of the Pacific Telephone & Telegraph Company be terminated.

"Witness the Public Service Commission of Washington, this 13th day of February, 1919.

"The Public Service Commission of Washington.

"By E. F. Blaine, Chairman,
"A. A. Lewis, Commissioner,
Attest:          "Frank R. Spinning, Commissioner."
"J. H. Brown,
"Secretary."

Thereafter, on February 20, 1919, the commission made its further supplemental order, making its order of February 13th effectual on March 1, 1919.

Thereafter the relators caused the proceedings had before the public service commission to be removed by writ of review to the superior court for Thurston county, under the provisions of § 8626-86, Rem. Code, Laws of 1911, page 596, § 86. A hearing was had in that court, wherein the anulling of the commission's orders was sought by the cities upon the ground,

among others, that the commission had no jurisdiction as such to make the orders of February 13th and 20th, 1919. The superior court held that the commission was acting within its jurisdiction in making the orders, and adjudged, ''That the orders of the public service commission of Washington . . . dated February 13, 1919, and February 20, 1919, be and the same are hereby sustained and affirmed.'' It was from this disposition of the matter in the superior court that the cause was brought here on appeal by the cities, wherein the annulling of those orders and reversal of the judgment of the superior court affirming them is sought.

Counsel for respondents have not favored us with any brief upon the merits of the controversy, but have been content with moving to dismiss the appeal taken to this court from the judgment of the superior court, upon the sole ground that the controversy has ceased, proceeding upon the theory that the controversy has ceased because the telephone and telegraph system of respondent Telephone & Telegraph Company is no longer in the possession and control of the postmaster general, but has been returned to private ownership, and that there is, therefore, no longer any other than a moot question as to the jurisdiction of the public service commission in making the orders in question.

The decisions by the Supreme Court of the United States in: *Northern Pac. R. Co. v. North Dakota ex rel. Langer,* 250 U. S. 135; *Dakota Central Telephone Co. v. South Dakota ex rel. Payne,* 250 U. S. 163; *State of Kansas v. Burleson,* 250 U. S. 188, and *Macleod v. New England Telephone & Telegraph Co.,* 250 U. S. 195, all rendered June 2, 1919, render it plain that, during the period of possession, control and supervision of the telephone and telegraph systems by the Postmaster General in behalf of the government, in

the exercise of the war power, our state public service commission had no jurisdiction whatever over the subject-matter that would enable it to lawfully make any orders approving or making effective any tariff rate to be charged for services rendered by any of such systems. Of course the Postmaster General, as director of such systems for the government, was privileged to avail himself of the personal services of the members of our public service commission with a view to determining what the charges for such services to our citizens should be, and had our public service commission, in making disposition of the matter for the Postmaster General, not assumed to do anything more than that, we would have no occasion to review its orders here. But since the commission has made those orders, in form, in its official capacity as the public service commission of this state, and we have here a judgment versed and the orders of the commission so affirmed the orders of the commission, which court has jurisdiction to review all such orders of the commission, we cannot escape the conclusion that the cities of Seattle and Tacoma have a right to have that judgment reversed and the orders of the commission so affirmed by the superior court also reversed, upon the ground that the latter were made wholly without jurisdiction on the part of the commission. It may be that there is a sense in which the controversy has ceased, but to dismiss the appeal in this court upon that ground and leave these orders of the commission and their affirmance by the superior court, of record in the form we find them, might work to the prejudice of the cities in the future. The orders of the commission and their affirmance by the superior court do have the semblance of an adjudication against the cities as to the reasonableness of the rates established thereby. We think the cities are now entitled to have it adjudged by this

court that the orders in question, in so far as they purport to be orders of the state commission—and they manifestly do so purport upon their face—be annulled and set aside and the judgment of the superior court affirming them reversed. Manifestly respondents have no just cause to complain of such disposition of this cause by this court.

The judgment of the superior court affirming the orders of the state public service commission of February 13th and 20th, 1919, is reversed, and the orders themselves are annulled and set aside.

HOLCOMB, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.