## NORTH LARAMIE LAND CO. v. HOFFMAN
### (No. 967; Decided November 22, 1921; 201 Pac. 1022)

APPEAL AND ERROR—DISMISSAL—MOOT QUESTIONS WILL NOT BE RE-
VIEWED—INJUNCTIONS—MERITS NOT CONSIDERED ON MOTION TO DIS-
MISS—COUNTY COMMISSIONERS—COUNTIES—PARTIES—CHANGE IN
PERSONNEL OF COUNTY BOARD NOT GROUND FOR DISMISSAL OR PRO-
CEEDINGS IN ERROR.

1. If it is made to appear to an appellate court that the questions involved are no longer of any practical importance to the parties, the case will not be reviewed on the merits merely to determine who shall pay the costs.

2. If defendant in an injunction suit, though not acting in violation of any temporary restraining order, does the thing against which the injunction is asked, the court is not thereby deprived of authority whenever justice requires it to deal with the parties as they stood at the commencement of the suit, and to require the defendant to make restitution to undo what he has wrongfully done, or to answer in damages.

3. Where defendant in an injunction action, though not acting in violation of any temporary restraining order, did the thing against which the injunction was asked, and judgment was for defendant, and plaintiff brings error, the Supreme Court will not decide whether or not justice requires that the parties be dealt with as they stood at the commencement of the suit on motion by defendant to dismiss the proceeding in error, where such question is so involved in the merits of the case that its determination will require a consideration of the relative equities of the parties, as such questions should be left until final hearing, especially where it is not shown that dismissal would be without prejudice to another action for damages.

4.   Where injunction was sought against board of county com-
missioners and members thereof, individually and as
commissioners, and judgment was for defendants, and
plaintiff brought error, it was no ground for dismissal of
the proceeding in error that the membership of the board
of county commissioners had changed, under Comp. St.
1920, §§ 1301, 1304.

ERROR to the District Court of Platte County; HON.
WILLIAM C. MENTZER, Judge.

Action by the North Laramie Land Company against
Albert E. Hoffman and others individually and as consti-
tuting the Board of County Commissioners of Platte Coun-
ty, and another. There was judgment for defendants and
plaintiff brings error. Heard on motion to dismiss. (See
26 Wyo. 327; 184 Pac. 226; 195 Pac. 98.)

*Kinkead & Henderson,* for the motion.

This cause is now before the court on motion for the dis-
missal of the appeal because there is now no controversy
remaining in view of the building of the highway pursuant
to decree of the district court and the wrongful taking of
plaintiff's lands therefor; an appeal should be dismissed
where no actual controversy continues to exist. Such is the
rule in all of the courts with slight exceptions, irrespective
of who caused a termination of the controversy. The coun-
ty board was compelled to proceed with the construction of
the highway as an official duty; plaintiff in error could
have superceded the decree below and sought review there-
of, (6169 Comp. Stats. 1920), or it could have sought its
remedy by an injunction. It refused to take action of any
kind although it had knowledge of the proceedings called
road proceedings being conducted in accordance with the
statutes. No compensatory relief is prayed for; the road
laws are constitutional. Kelly v. Comrs. 24 Wyo. 386;
159 Pac. 1086, which gave plaintiff an adequate remedy
at law. The question here involved is a moot one and this
court cannot be expected to enter upon a consideration of so
profound a question as is urged in this case upon the mere

suggestion of counsel for plaintiff that an amendment to its petition might be offered or that it might bring some other action which it might think proper, depending upon the decision of this court upon the moot questions assumed to be involved herein. (Hutchinson Co. v. Local Union, 125 Pac. 15 (Kans.) In re Manning, 139 N. Y. 446; 34 N. E. 931; Foster v. Smith, 47 Pac. 591; Harrabin v. City, 142 N. W. 212; Meyers v. Kansas City, 136 Pac. 898; Hicks v. Pearce, 122 N. W. 1087; Lockwood v. Wickes, 75 Fed. 118.) The controversy having been reduced to one concerning an absolute question of law involving nothing except costs, the appeal cannot be heard for the determination of the costs only. (Anderson v. Board, 132 Pac. 996.) Boards of County Commissioners in establishing highways, act pursuant to statutes long since adjudged to be valid. The personnel of the county board has been entirely changed and the present members have not been made parties defendant; there is no controversy upon which the decision of the court could operate, and no parties in court against whom any judgment could be rendered. (People v. Clarke, 17 N. Y. 518.)

*William A. Riner, Pam & Hurd* and *Burrel J. Cramer,* opposing the motion.

Defendants in error contend that because of their voluntary change in the status of the situation, plaintiff in error loses its right to have the decision of the court below reviewed. It was urged that failure of plaintiff in error to stay the execution of judgment below is an additional ground in support of the motion. This is without merit. (2 Cyc. 916. Creighton v. Keith, 15 Neb. 810; Logan v. Goodwin, 104 Fed. 490; Green v. Okanogan Co., 111 Pac. 226.) The question here is reviewable notwithstanding the changed situation. (City v. Clarke, 131 Fed. 415; U. S. v. Freight Assn., 166 U. S. 290.) The change in the personnel of the county board is immaterial. Moreover the Board of Commissioners of Platte County remains irrespective of the change in individual members; nor has plaintiff

in error waived its objection to the highway even though it has fenced the highway to protect its property. (Hardman v. King, 14 Wyo. 503; Martin v. Sheep Co., 12 Wyo. 432. 2 Lewis on Eminent Domain, Sec. 808.) Plaintiff in error has been diligent and worked no injury to defendants in error. The record of this court show diligence and good faith by plaintiff in the protection of its rights; on the other hand, defendant has endeavored to prevent this court passing upon the merits of the controversy. This motion cannot be sustained without passing upon the questions that have to do with the merits of the case, and it should therefore be denied.

KIMBALL, Justice.

The plaintiff below, plaintiff in error here, sought by this action to enjoin the defendants from establishing a public road across the lands of the plaintiff. The defendants were the board of the county commissioners, and the members of that board, individually, and as such commissioners. The prayer of the petition was that the defendants ''be perpetually restrained from taking any further proceedings or doing acts with respect to locating said proposed road  *   *   *,  and particularly from confiscating or appropriating any of the rights, properties or lands of the plaintiff'' for that purpose. Shortly after the commencement of the action a temporary injunction was granted upon the giving by plaintiff of an undertaking in the sum of $1500. The trial of the action resulted in findings for defendants, the dissolution of the temporary injunction, a denial of a perpetual injunction, and judgment for defendants for their costs. Thereafter, the plaintiff took the steps necessary to bring the case here for review, but did not attempt to obtain an injunction during the pendency of the case on error.

The case has been heard on the motion of defendants in error to dismiss the proceeding in error. It is shown by affidavits filed in support of the motion that at considerable expense to the county the road in question has been con-

structed across plaintiff's land, and is now a part of an important highway traveled by the public. There is a statement in one of the affidavits that plaintiff has acquiesced in the construction and use of said road, but this statement seems to be based solely upon the facts that plaintiff has fenced its land along the sides of the road, and that since the dissolution of the injunction it has not interferred with the construction or use of the road. The plaintiff insists that it has never ceased to contend that the location, construction and use of the road is unlawful, and for the purposes of this motion we hold that there has been no sufficient showing of acquiescence.

The principal contention in support of the motion is that the action being for injunction only, and the act sought to be enjoined having been done, there now exists no actual controversy requiring a review of the judgment. If it be made to appear to an appellate court that the questions involved are no longer of any practical importance to the parties the case will not be reviewed on the merits merely to determine who shall pay the costs. The cases cited by defendant in error illustrate the application of this principle to many different situations, but among them there is no case where it was claimed that the acts sought to be enjoined, and afterwards accomplished, constituted a trespass upon, or appropriation of, the property of the other party. And we understand that counsel concede that if the defendant in an injunction action, though not acting in violation of any temporary restraining order, do the thing against which the injunction is asked, the court is not thereby deprived of authority, whenever justice requires it, to deal with the parties as they stood at the commencement of the suit, and to require the defendant to make restitution— to undo what he has wrongfully done—or to answer in damages. (Mills v. Green, 159 U. S. 651, 654, 16 Sup. Ct. 132, 40 L. Ed. 293; Green v. Okanogan Co., 60 Wash. 309, 111 Pac. 226; Bonnewell v. Lowe, 80 Kans. 769, 104 Pac. 853; New Haven Clock Co. v. Kockersperger, 175 Ill. 383, 395, 51 N. E. 629, 632; Pennsylvania Co. v. Bond, 99 Ill.

App. 535, Ranzau v. Davis, (Ore.) 158 Pac. 279; Lynch v.
Union Institution, 159 Mass. 306, 34 N. E. 364, 20 L. R. A.
842; Ives v. Edison, 124 Mich. 402, 83 N. W. 120, 50 L. R. A.
134, 83 Am. St. Rep. 329; 16 A. & E. Enc. Law, 242-243;
22 Cyc. 742-743.)

But it is argued that this is not a case where justice re-
quires that the appeal be entertained for the purposes above
stated.    We do not think this question should be decided
now, for it is so involved in the merits of the case that its
determination, which will require a consideration of the
relative equities of the parties, should be left until the final
hearing.    (United Real Estate & Trust Co. v. Barnes, 157
Calif. 515, 108 Pac. 306.)

It will be noticed that many of the authorities holding
that an appeal or proceeding in error will not be heard on
the merits where it is shown that the relief asked cannot
then be granted, assume that the dismissal is without preju-
dice to another action.    (2 High, Injunctions (4th Ed.)
§ 1701a; Meyn v. Kansas City, 91 Kans. 29, 136 Pac. 898;
McWhorter v. Northcutt, 94 Tex. 86, 58 S. W. 720; People
v. Board of Canvassers, 2 N. Y. Supp. 561; Hicks v. Pearce,
158 Mich. 502, 122 N. W. 1087; Henderson v. Hoppe, 103
Ga. 684, 30 S. E. 653; Texas & P. R. Co. v. Interstate T.
Co., 155 U. S. 585, 15 Sup. Ct. 228, 39 L. Ed. 271; Lock-
wood v. Wickes, 75 Fed. 118, 123.)    In other cases where
the relief asked has been denied by the trial court, and it
appears on appeal that the exact relief cannot then be
granted, yet, if the judgment below denying the relief be
an adjudication of any substantial right, which might be
the basis of some future action, it is held that the judgment
should be reviewed.    (Kaufman v. Mastin, 66 W. Va. 99, 66
S. E. 92; 25 L. R. A. (N. S.) 855; Postal Tel.-Cable Co. v.
Montgomery, 193 Ala. 234, 69 So. 428; Central etc. Co. v.
Highland Park, 164 Mich. 223, 129 N. W. 46; Clarke v.
Beadle Co., (S. D.) 169 N. W. 23; Independent School Dist.
v. Pennington, (Iowa.) 165 N. W. 209; Livesley v. Johnston,
45 Ore. 30, 76 Pac. 13; Winsor v. Hanson, 40 Wash. 423, 82
Pac. 710; Hampton v. Lynch (Okla.) 153 Pac. 1119; State

v. Public Service Com. (Wash.) 188 Pac. 7; 2 R. C. L. 170; 4 C. J. 576.)

In the case at bar, the dismissal of the proceedings in error would have the same practical effect as an affirmance of the judgment of the lower court, and while we do not deem it advisable, in deciding the motion to dismiss, to make an investigation of the issues sufficient to determine what matters would upon dismissal become *res judicata,* we think it at least probable that the plaintiff in error would, by the judgment, be estopped from asserting, in another action, substantial rights, which, if the judgment be erroneous, should be preserved.

The operation of the judgment below as an adjudication fixing or affecting the liability of plaintiff in error for damages in a possible future suit on the injunction bond is not urged as one of the reasons for denying the motion to dismiss. Perhaps, for some reason not called to our attention, the judgment, in respect to that matter, is not material or effective. There is good authority for holding that, in similar cases, because of the possible liability upon the bond, the proceedings for a review of the judgment which has determined the right to the injunction is of such practical importance as to require a decision upon the merits. (Postal Tel.-Cable Co. v. Montgomery, supra; Williams v. Montgomery, 148 N. Y. 519, 43 N. E. 57; Sackett etc. Co. v. National Ass'n. etc., 113 N. Y. Supp. 110; Click v. Sample, 73 Ark. 194, 83 S. W. 932; Crom v. Frahm, (Ida.) 193 Pac. 1013; Morrison v. Hess (Mo.) 231 S. W. 997. *Contra:* Horrabin v. Iowa City, 160 Iowa 650, 130 N. W. 150, 142 N. W. 212; Geinger v. Krein, 103 Kans. 176, 173 Pac. 298; cases cited Crawford v. LeFevre, 78 W. Va. 73, 88 S. E. 1087.)

It is further shown, in support of the motion, that those defendants who, when the action was commenced, constituted the board of county commissioners, are no longer members of that board, and it is contended, therefore, that a judgment for plaintiff would be ineffectual. Upon this point the defendants in error cite People v. Clark, 70 N.

Y. 518, where the right to incorporate a village was questioned. Pending the action the village was incorporated, and as the village itself or its trustees, held to be necessary parties, were not made defendants, it was clear that a decree for plaintiffs could have no practical effect. In the case at bar, if it be conceded that a judgment now rendered against the former members of the board could not be enforced, still, we think, the proceedings in error should not for that reason be dismissed, for the board of county commissioners as an entity is a defendant also, and it is not claimed, nor could it be successfully claimed under our statutes, (Wyo. C. S. 1920, § 1301, 1304), that the change in its membership affects the accountability of the board itself, or the county.

We are of opinion that the case should not now be concluded in the summary manner suggested by the motion, as it does not appear clearly that there is no substantial right depending upon a decision as to whether or not the judgment below shall stand. A further consideration of this point, after a hearing upon the merits, may lead to a different opinion, making it then proper to dispose of the case without deciding the questions raised by the petition in error.

The motion is denied, and the defendants in error are given forty-five days from this date to serve and file briefs upon the merits.

POTTER, C. J., and BLUME, J., concur.