THE STATE OF WASHINGTON, *on the Relation of Olympic Peninsula Motor Freight Company et al., Appellants,* v. VALLEY MILK TRANSPORTATION, INC., *et al., Respondents.*[1]

*Yantis & Brodie, Bogle, Bogle & Gates,* and *Edward G. Dobrin,* for appellants.

*The Attorney General* and *Don Cary Smith, Assistant,* for respondents.

BEALS, J.—This is an appeal from a judgment of the superior court affirming an order of the department of public works (now the department of public service) granting the application of Valley Milk

[1]Reported in 48 P. (2d) 208.

Transportation, Inc., a corporation (hereinafter referred to as the Valley Co.), for a certificate of public convenience and necessity allowing it to furnish freight service by motor vehicle between Seattle and points along the northern border of the Olympic peninsula. Olympic Peninsula Motor Freight Co., a corporation (hereinafter referred to as the Olympic Co.), Puget Sound Navigation Co., a corporation, and its subsidiary, Sound Ferry Lines, Inc., a corporation, are, respectively, the owners of certificates of public convenience and necessity authorizing the maintenance of freight, passenger and ferry service between points in King county, on the one hand, and the Olympic peninsula, on the other.

The last named companies, having been made parties to the proceeding initiated by the Valley Co. in connection with its application for a certificate, participated in the hearing and appealed to the superior court from the order entered by the department. The superior court having entered its judgment affirming the order of the department, the three corporations adversely affected by the order have appealed to this court.

■ Respondents have moved to dismiss the appeal upon the ground that the action is moot, basing their motion upon Laws of 1935, chapter 184, p. 883 (Rem. 1935 Sup., § 6382-1 *et seq.*), which repealed prior legislation providing for the granting of certificates of public convenience and necessity and abolished certificates theretofore issued. While the legislation enacted by the legislature of 1935 fundamentally changes the situation with regard to transportation companies, it cannot be said in such a case as this that all questions concerned have become entirely moot and that such an appeal as this should not be entertained. *State ex rel. Seattle v. Public Ser-*

*vice Commission,* 110 Wash. 130, 188 Pac. 7. The motion to dismiss is denied.

Appellants, under their respective certificates, have been for years furnishing freight and passenger service between Seattle and the Olympic peninsula. It clearly appears from the record that little, if any, dissatisfaction existed with the service which was being rendered. The Olympic Co., of course, rendered the motor vehicle service which operated along the peninsula, the other appellants operating boats and ferries. In this territory, the Olympic Co. maintained pickup and delivery trucks and some depots for use in caring for the territory served.

Respondent Valley Co. operates a milk route and carries nearly four hundred cans of milk to Seattle each day. These are loaded on the company's trucks at two receiving stations—one at Sequim, the other at Center—two trucks and a trailer being used in the operation. The maintenance of this service is nowise involved in this appeal. The Valley Co. applied for a certificate authorizing it to engage in business as a carrier of freight, contending that its customers and other persons along its route would frequently desire its trucks to carry some freight on the return trips, on which trips, of course, in so far as the milk business was concerned, only the empty containers would be transported.

The material testimony introduced by the Valley Co. in support of its application was extremely meager. In connection with the volume of freight carried to and from that portion of Jefferson and Clallam counties which the petitioner desired to serve, two merchants testified that, while the service rendered by the Olympic Co. was satisfactory, a different schedule might be of some assistance in bringing in fresh meat, although one of the merchants admitted

that, because of high prices, he had purchased no fresh meat from Seattle for two years. Some of the witnesses were of the opinion that the Valley Co., on its return to the peninsula, could carry feed for the farmers, but at the same time it appears from the record that, even though this could be arranged, it would result in little saving in connection with the expense of transportation. We are satisfied from the evidence that appellant Olympic Co. has been furnishing a service which has satisfactorily met all reasonable demands.

On behalf of respondents, it is argued that, under the law as it existed until 1933, such transportation as that with which we are here concerned constituted a regulated monopoly, and that it was the theory of the law that, in such a territory as the Olympic peninsula, there should be only one common carrier over a given route. Under Laws of 1933, chapter 166, p. 613, only contract haulers and private and for-hire carriers were regulated, but by chapter 55 of Laws of 1933, Ex. Ses., p. 138, the prior act was amended to include certified common carriers, the principle of regulated competition being established.

Assuming all this, and bearing in mind the doctrine relied on by respondents to the effect that a finding of the department will not be disturbed unless it is arbitrary and capricious, we are nevertheless of the opinion that, under the laws that existed at the time the order now under review was entered, the order was erroneously made, and that no substantial ground whatever existed therefor. The hearing upon which the order was based was conducted before an examiner, and it appears from a supplemental return filed by the *Attorney General* that the transcript of proceedings ''was not transcribed by the reporter until after the writ of review was issued.'' Under these

circumstances, the director of public works and the supervisors were in no better position than are we to determine the merits of the controversy.

Under the statute as it now exists, a different principle is put into effect, and such matters as those with which we are here concerned are now being administered under Laws of 1935, chapter 184, p. 883 (Rem. 1935 Sup., § 6382-1 *et seq.*), above referred to.

As in our opinion the order now under review was erroneous when entered, the judgment of the superior court confirming the same is reversed, with instructions to vacate and set aside the order of the department. The matter may then be considered by the department in the light of the existing statute.

GERAGHTY, MAIN, and TOLMAN, JJ., concur.